UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CRIMINAL ACTION NO. 07-15-DLB-4

UNITED STATES OF AMERICA,                                                                PLAINTIFF,

V.                **AMENDED MAGISTRATE JUDGE'S REPORT
                        AND RECOMMENDATION**

TIMOTHY M. CHANDLEY,                                                                   DEFENDANT.


This matter is before the Court following a final revocation hearing on January 27, 2010, on a Probation Violation Report filed by the United States Probation Office. The Defendant was present and represented by appointed counsel, Michael Fox, Esq.; the United States was represented by Lindsay Hughes, Esq.; and United States Probation Officer Mike Jones was also present.

The Defendant waived his right to proceed before the United States District Judge, and consented to allow the undersigned to preside over the entire proceedings. In addition, the Defendant expressed his desire to stipulate to all violations contained in the report. The Court, being fully advised, and after determining the voluntariness and factual basis of his stipulation, makes the following proposed Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

(1) On February 11, 2008, the Defendant was sentenced following his plea of guilty to Count 10 of Ashland Indictment 07-cr-15-DLB-4, charging him with Passing Counterfeit Currency/Aiding and Abetting, in violation of Title 18 U.S.C. § 472 and 18 U.S.C. § 2. He was sentenced to a five (5) year term of probation.

(2) United States Probation Officer Michael Jones documented the following conduct resulting in the violations stated in a Probation Violation Report dated September 8, 2009: (1) the Defendant tested positive for oxycodone on December 13, 2008 and December 20, 2008,

subsequently admitting to using controlled substances without a valid prescription; (2) the Defendant missed a scheduled drug test for a Drug Court program on May 13, 2009, and failed to report to his scheduled state court appearance on May 14, 2009.

At the hearing on January 27, 2010, Chandley was informed of his right to persist in a plea of not guilty, his right to remain silent and his right to a hearing on the alleged violations. The Defendant stated under oath that he understood both the nature of the charges, and the maximum possible penalties. He thereafter knowingly and voluntarily made an oral stipulation to the violations contained within the report as stated above. His stipulation was based upon a sufficient factual basis containing all essential elements of the crimes charged and was offered without evidence of coercion or duress.

## **CONCLUSIONS OF LAW**

The above stipulation and report prove, by clear and convincing evidence, that defendant has violated the following conditions of probation:

| | | |
|---|---|---|
| Standard Condition No. 1 | | The defendant shall not commit another federal, state or local crime. |
| Standard Condition No. 7 | | The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. |
| Special Condition No. 4. | | The defendant shall successfully complete the drug program in which he currently participates for state court. |

The original guideline range at sentencing in the matter was 15 to 21 months based upon a total offense level of 13 and a criminal history category level II. Considering the most significant violation is a Grade B, the guideline range of imprisonment for violation of probation is 6-12 months, pursuant to Guideline §7B1.4(a).

The defendant was fully informed of his right of allocution, and knowingly waived the right before the United States District Judge, choosing to speak on his own behalf before the undersigned.

## RECOMMENDATION

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

(i) The nature and circumstances of the offense. The instant offenses involve illegal possession and use of controlled substances, in addition to failure to appear for court appearances as required. The conduct resulting in the offenses was required by this Court as part of its conditions of Probation, and as part of a diversion program on unrelated state court proceedings.

(ii) The history and characteristics of the Defendant. The Defendant was convicted of Passing Counterfeit Currency in violation of 18 U.S.C. § 472. The Defendant was participating in the state Drug Court program as part of a diversion arising from 7 counts of Theft By Unlawful Taking/Disposition Over $300. As a result of the instant violations, his diversion program was terminated and on August 13, 2009, he was sentenced to 5 years in the custody of the Kentucky Department of Corrections. He was paroled on December 18, 2009. In addressing his conduct and his current violations, he indicated at allocution his remorse and explained his behavior as being a result of his addiction to narcotics.

(iii) The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to afford adequate deterrence to future conduct; to protect the public from further crimes of the defendant; and to provide correctional treatment for the defendant in the most effective manner.

(iv) In the instant matter, the most serious violation is a Grade B violation. In light of the

3

Defendant's criminal history category II, the revocation guidelines call for a range of imprisonment from six (6) to twelve (12) months.

IT IS THEREFORE RECOMMENDED AS FOLLOWS:

(1) That the Defendant's Probation be revoked and the Defendant be re-sentenced to a period of incarceration of six (6) months, with 36 months supervised release to follow;

(2) Upon release from incarceration, the Defendant be required to complete an inpatient Drug Rehabilitation program at a facility to be designated by the United States Probation Office.;

(3) During the term of supervised release:

(a) the Defendant shall abstain from the use of alcohol;

(b) The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner;

(c) The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is requied as a condition of release; and

(d) The defendant shall submit his person, residence and curtilage, office or vehicle to a search, upon the direction and discretion of the United States Probation Office.

Specific objections to this Report and Recommendation must be filed within fourteen days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's

objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59.

This the 4th day of February, 2010.

